UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH JOHN CASE,

                Plaintiff,

v.                                                    Case No. 5:15-CV-0419 (GTS)

CAROLYN W. COLVIN
Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OLINSKY LAW GROUP                     HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
300 S. State Street, Suite 420
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.           DANIEL R. JANES, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Joseph John Case ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 11, 12.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

I.      RELEVANT BACKGROUND

   A.      Factual Background

   Plaintiff was born on December 17, 1963. Plaintiff obtained a General Educational Development (GED) certificate, and has past work assembling rifles. Generally, Plaintiff's alleged disability consists of generalized anxiety disorder, major depressive disorder, suicidal tendencies, chronic obstructive pulmonary disorder ("COPD"), high blood pressure, coronary artery disease, gastroesophageal reflux disease ("GERD"), chest pain, and schizophrenia.

   B.      Procedural History

   On August 13, 2013, Plaintiff applied for Supplemental Security Income, alleging disability beginning on December 20, 2012. Plaintiff's application was initially denied on December 13, 2013, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). On April 8, 2014, and July 28, 2014, Plaintiff appeared in hearings before the ALJ, Marie Greener. (T. 46-61, 62-78.) On September 17, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 16-39.) On February 5, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)

   C.      The ALJ's Decision

   Generally, in her decision, the ALJ made the following six findings of fact and conclusions of law. (T. 21-34.) First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 13, 2013, the application date. (T. 21.) Second, the ALJ found that Plaintiff's schizoaffective disorder, polysubstance dependence, depressive disorder, anxiety disorder, and personality disorder are severe impairments, but that Plaintiff's COPD, GERD,

chest pain, high blood pressure, and coronary artery disease are not severe impairments.[1] (T. 21-23.) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (T. 23-27.) The ALJ considered Listings 12.03, 12.04, 12.06, 12.08, and 12.09, and 12.10. (*Id.*) Fourth, the ALJ found that Plaintiff

> has the residual functional capacity ["RFC"] to perform work at all exertional levels, but is limited by a mental disorder to unskilled work which does not require more than simple, short interactions with supervisors, co-workers, or the public; and, although the individual may work in proximity to others, the tasks do not require working in conjunction with others and predominantly involve working with objects rather than people; and he requires a low-stress environment, by which I mean one with routine daily tasks and duties in the same workplace, which do not significant change in pace or location on a daily basis.

(T. 27-33.) Fifth, the ALJ found that Plaintiff has no past relevant work. (T. 33.) Sixth, and finally, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 33-34.)

**D.    The Parties' Briefings on Their Cross-Motions**

Generally, Plaintiff makes four arguments in support of his motion for judgement on the pleadings. First, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (Dkt. No. 11, at 1, 10-12 [Pl.'s Mem. of Law].) Within this argument, Plaintiff argues that (1) the ALJ failed to find that Plaintiff's GERD was a severe impairment at step two, and (2) the ALJ's RFC determination failed to the include the environmental limitations opined by consultative examiner, Elke Lorensen, M.D. (*Id.*) Second, Plaintiff argues

---

[1] The ALJ stated that she considered Plaintiff's allegations of generalized anxiety disorder, major depressive disorder, suicidal tendencies, and schizophrenia in conjunction with his severe impairments of schizoaffective disorder, polysubstance dependence, depressive disorder, anxiety disorder, and personality disorder. (T. 22.)

3

that the ALJ's credibility determination is not supported by substantial evidence. (*Id.*, at 1, 12-14.) Third, Plaintiff argues that the ALJ failed to develop the record by not obtaining a medical source statement regarding Plaintiff's GERD from treating physician, Sylvia Edwards, M.D. (*Id.*, at 1, 14-15.) Fourth, and finally, Plaintiff argues that the ALJ's step five determination is not supported by substantial evidence. (*Id.*, at 1, 15.)

Generally, Defendant argues that the ALJ properly considered the medical evidence of record, and the ALJ's RFC determination is supported by substantial evidence. (Dkt. No. 12, at 5-11 [Def.'s Mem. of Law].) Within this argument, Defendant argues that the ALJ's credibility determination is supported by substantial evidence. (*Id.*)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an

impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

For the ease of analysis, Plaintiff's arguments will be reorganized and consolidated below.

#### A. Whether the ALJ's Step Two Determination That Plaintiff's GERD Was Not a Severe Impairment Was Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 12, at 5-7 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). The regulations define "basic work activities" as the "abilities and aptitudes necessary to do most jobs," with examples including the

following: (1) physical functions such as walking, standing, lifting, pushing, pulling, carrying or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) using judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). Accordingly, the severity of an impairment is determined by the limitations imposed by the impairment, and not merely by diagnosis of the impairment. *Ellis v. Comm'r,* 11-CV-1205, 2012 WL 5464632, at *4 (N.D.N.Y. Sept. 7, 2012) (citing *Coleman v. Shalala,* 895 F. Supp 50, 53 [S.D.N.Y. 1995]); *see also McConnell v. Astrue,* 03-CV-0521, 2008 WL 833968 (N.D.N.Y. Mar. 27, 2008).

"The second step requirement under the prescribed disability analysis is truly *de minimis*, and intended only to screen out the truly weakest of cases." *Davis v. Colvin*, 11-CV-0658, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 [2d Cir. 1995]). When an ALJ finds that one or more of a plaintiff's impairments are severe, an error in the severity analysis at step two may be harmless because the ALJ continued with the five-step analysis and did not deny the claim based on lack of a severe impairment alone. *Ellis,* 2012 WL 5464632, at *5; *Tyron v. Astrue*, 10-CV-0537, 2012 WL 398952, at *3 (N.D.N.Y. Feb. 7, 2012); *Kemp v. Comm'r*, 10-CV-1244, 2011 WL 3876526, at *8 (N.D.N.Y. Aug. 11, 2011).

When "an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010); *see also* 20 C.F.R. § 416.923 (stating that the ALJ is required to consider the "combined effect of all of [a plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). Here, a review of the entire decision indicates that the ALJ's step two finding was supported by substantial evidence

7

and that the ALJ properly considered the effects of Plaintiff's combined impairments in the remainder of the sequential analysis.

At step two, the ALJ found that there was no medical evidence that Plaintiff had any significant functional limitations due to GERD. (T. 22.) The ALJ noted that the medical evidence of record showed that Plaintiff's GERD had improved with treatment and was under good medical management. (*Id.*) On August 12, 2013, Plaintiff reported to Dr. Edwards that his GERD symptoms were relieved by taking omeprazole once daily, and rated the severity of his condition at zero. (T. 343.) The ALJ noted that, on October 12, 2013, Plaintiff reported that he experienced only mild epigastric discomfort on a sporadic basis. (T. 22.) Accordingly, the ALJ's step two determination that Plaintiff's GERD was not a severe impairment was supported by substantial evidence.

Additionally, the ALJ considered the effects of Plaintiff's GERD in the remainder of her analysis and properly noted that, in determining the RFC, she must consider "all of the claimant's impairments, including impairments that are not severe." (T. 21, 31-32.) Moreover, the ALJ found that Plaintiff's schizoaffective disorder, polysubstance dependence, depressive disorder, anxiety disorder, and personality disorder were severe impairments, and therefore the ALJ did not deny benefits based on lack of a severe impairment. (T. 21-23.) Accordingly, even if the ALJ's failure to find Plaintiff's GERD severe at step two of the sequential analysis was error, it would be harmless. *Ellis*, 2012 WL 5464632, at *5; *Tyron,* 2012 WL 398952, at *3.

Therefore, remand is not necessary on this basis.

### B. Whether the ALJ Was Required to Recontact Dr. Edwards Regarding Plaintiff's GERD

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 12, at 12-13 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

The ALJ has an affirmative duty to develop a claimant's complete medical history. 20 C.F.R. § 416.912(d); *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009). By statute, an ALJ is required to develop a claimant's complete medical history for at least twelve months before an application for benefits was filed, and for a longer period when there is reason to believe that additional information is necessary to reach a decision. *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998). This duty exists even when a claimant is represented by counsel, due to the non-adversarial nature of a benefits proceeding. *DeChirico,* 134 F.3d at 1184; *Lamay*, 562 F.3d at 509.

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 416.920b(c)(1). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.920b(c)(1)-(4); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). However, reviewing courts hold that an ALJ is not required to seek additional information absent "obvious gaps" in the administrative record that preclude an informed decision. *Rosa*, 168 F.3d at 79 n.5; *see also Hart v. Comm'r,* 07-CV-1270 2010 WL 2817479, at *5 (N.D.N.Y. July 16, 2010). In this matter, the Court finds that there were no obvious gaps in the administrative

record that would preclude the ALJ from making an informed assessment of Plaintiff's GERD for the following two reasons.

First, the ALJ reasonably relied on the statement of Plaintiff's counsel that the record concerning Plaintiff's physical impairments was compete, and no additional evidence was required regarding Plaintiff's GERD. (T. 65.) At the initial hearing on April 8, 2014, Plaintiff's counsel stated that there were outstanding records from St. Joseph's Comprehensive Psychiatric Emergency Program ("CPEP"), St. Joseph's Family Practice, and Syracuse Behavioral Health. (T. 49-50.) At a supplemental hearing on July 28, 2014, Plaintiff's counsel stated that the record was complete except for Plaintiff's mental health records from St. Joseph's CPEP, which the ALJ subsequently obtained. (T. 65, 388-96.)

Second, the record contained (1) Plaintiff's treatment records for GERD from Dr. Edwards, discussed above in Part III.A. of this Decision and Order, and (2) a consultative examination and opinion of Plaintiff's physical limitations from Dr. Lorensen, discussed below in Part III.C. of this Decision and Order. (T. 327-30, 335-65.) On November 27, 2013, Dr. Lorensen diagnosed Plaintiff with GERD, but did not identify functional limitations resulting from the impairment.[2] (T. 329-30.) The Court notes that Dr. Lorensen's opinion is consistent with Dr. Edwards's treatment notes indicating that Plaintiff's GERD symptoms were relieved by taking omeprazole once daily, and that Plaintiff rated the severity of his GERD at zero and experienced only mild epigastric discomfort on a sporadic basis. (T. 22, 343.)

An ALJ is entitled to rely on the opinions of both examining and non-examining State agency medical consultants, because those consultants are deemed to be qualified experts in the field of social security disability. 20 C.F.R. § 416.912(b)(6), 416.913(c), 416.927(e); *also Frey*

---

[2] Dr. Lorensen opined that Plaintiff had "no gross physical limitations" but should avoid exposure to smoke, dust, and other respiratory irritants." (T. 330.)

10

*ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 14-CV-63, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole."). Accordingly, the ALJ properly relied on Dr. Lorensen's opinion concerning Plaintiff's GERD.

For these reasons, the ALJ was not required to recontact Dr. Edwards regarding Plaintiff's GERD, and remand is not required on this basis.

### C. Whether the ALJ Erred in Assessing the Medical Opinion Evidence in Determining Plaintiff's Physical RFC

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 11, at 11-12 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

RFC is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999); 20 C.F.R. § 416.945(a). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y.

Aug. 29, 2013) (citing 20 C.F.R. § 416.945[a][3]-[4]).  The ALJ must consider medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms.  20 C.F.R. § 416.945(b)-(e).  Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence."  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

When controlling weight is not afforded to the opinion of a treating physician, or when assessing a medical opinion from a source such as a consultative examiner, the ALJ should consider the following factors to determine the proper weight to afford the opinion: (1) the source's examination or treatment relationship with the plaintiff, including the length, nature, and extent of the treatment relationship, (2) the opinion's supportability, (3) the opinion's consistency with the record as a whole, (4) the source's specialization, if any, and (5) other factors, such as the source's knowledge of disability programs and familiarity with the case record.  20 C.F.R. § 416.927(c); *Halloran*, 362 F.3d at 32 (listing regulatory factors).

On November 27, 2013, consultative examiner, Dr. Lorensen, diagnosed Plaintiff with COPD, GERD, and coronary artery disease (status post myocardial infarction).  (T. 329.)  Dr. Lorensen opined that Plaintiff had "no gross physical limitations" identified upon examination, and Plaintiff should avoid smoke, dust, and other respiratory irritants.[3]  (T. 330.)  In determining that Plaintiff has the physical RFC to perform work at all exertional levels, the ALJ afforded some weight to Dr. Lorensen's opinion.  (T. 27, 32.)  However, the ALJ rejected Dr. Lorensen's opinion that Plaintiff should avoid smoke, dust, and other respiratory irritants.  (*Id.*)  The ALJ reasoned that she found no support in the evidence of record for Dr. Lorensen's opinion that Plaintiff should avoid exposure to respiratory irritants, and Plaintiff's lung examination by Dr.

---

[3] SSR 85-15 instructs that, "[w]here an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions." SSR 85-15, 1985 WL 56857 (1985).

12

Lorensen was normal. (T. 32.) Yet the ALJ failed to cite, and the record does not contain, a medical opinion to dispute Dr. Lorensen's opinion that Plaintiff should avoid smoke, dust, and other respiratory irritants. (*Id.*) Therefore, the ALJ improperly relied on her own view of the medical evidence to discredit Dr. Lorensen's opinion. (*Id.*)

"The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015), *see also Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted a medical opinion to] or testified before him . . . . In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").

Moreover, as discussed above in Part III.C. of this Decision and Order, additional evidence or clarification is sought when there is a conflict or ambiguity in a medical opinion that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.920b(c)(1)-(4); *Rosa*, 168 F.3d at 80. Therefore, even if the ALJ properly identified a conflict in Dr. Lorensen's opinion that Plaintiff should avoid exposure to respiratory irritants, the ALJ should have recontacted Dr. Lorensen for clarification rather than rely on the conflict to reject Dr. Lorensen's uncontradicted medial opinion. *Beckwith*, 2015 WL 860763 at *6; *see also Balsamo*, 142 F.3d at 81.

For these reasons, remand is required for the ALJ to reevaluate Dr. Lorensen's opinion. The ALJ should first recontact Dr. Lorensen for clarification to resolve any conflict or ambiguity in Dr. Lorensen's opinion. The ALJ should then reevaluate Plaintiff's physical RFC based on a proper evaluation of Dr. Lorensen's opinion, and in light of any new evidence obtained.

    **D.**     **Whether the ALJ's Credibility Analysis and Step Five Determination Are Supported by Substantial Evidence**

For the reasons discussed above in Part III.C. of this Decision and Order, this matter is being remanded for the ALJ to reevaluate Dr. Lorensen's opinion and Plaintiff's physical RFC. Therefore, remand is also necessary for a new credibility analysis and step five determination against that backdrop.

    **ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **<u>DENIED</u>**; and it is further

    **ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: July 21, 2016
       Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          Chief U.S. District Judge